LUCIUS BRANDT v. THE STATE.

No. 70. Decided October 27, 1909.

**1.—Assault with Intent to Rape—Misconduct of Jury—Bill of Exceptions.**

Where, upon appeal from a conviction of an assault with intent to rape, there appeared no bill of exceptions in the record as to the matters complained of with reference to the misconduct of the jury, etc., the matter could not be considered.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial for assault with intent to rape, the evidence, although unsatisfactory, sustained the verdict of guilty, the same will not be disturbed.

Appeal from the District Court of Fort Bend. Tried below before the Hon. Wells Thompson.

Appeal from a conviction of assault with intent to rape; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord*, Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant prosecutes this appeal from a judgment had in the District Court of Fort Bend County on April 26, 1909, convicting him of the offense of assault with intent to rape, and assessing his punishment at confinement in the penitentiary for a period of two years.

Appellant's motion for a new trial raises three questions, first, that the jury received testimony and evidence against defendant from one of their own members which was not introduced before the court, and which was to the effect that appellant had served a term of years in the State penitentiary, which had a detrimental effect on his cause; and, again, that one of the jurymen being in doubt as

to the testimony of one of the witnesses, was informed by the other members that a certain matter occurred at a different time from the date and time in fact such event happened, and that the jurymen, therefore, on such erroneous information, changed his mind and accordingly his verdict to the detriment of appellant. The last contention is that the verdict is contrary to the law and the evidence. There is no bill of exceptions in the record, nor is the charge of the court complained of in the motion. It is manifest, under the well settled rules governing this tribunal, that the first two matters mentioned above cannot, in the absence of bill of exceptions evidencing all the facts there stated, be considered by us. The evidence in the case is far from satisfactory, though the prosecuting witness testifies to an assault by such means and force and under such circumstances as, if believed, to justify the jury in concluding that appellant was guilty. This verdict has received the sanction and approval of the learned trial court, and we feel that we ought not, as here presented, to interfere.

Finding no error in the proceedings of the court below, the judgment is hereby in all things affirmed.

*Affirmed.*